UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAZIF SHARIFZODA,

*Petitioner*,

v.                                                                    No. 26-CV-02486 (KMK)

ORANGE COUNTY JAIL, *et al.*,                                          ORDER

*Respondents*.

KENNETH M. KARAS, United States District Judge:

Petitioner Nazif Sharifzoda ("Petitioner"), who has been detained by immigration

authorities for approximately 35 days, petitions for a writ of habeas corpus under 28 U.S.C. §§

2241 and 2243.  (*See* Pet. (Dkt. No. 1).)  By Order entered March 26, 2026, the Court scheduled

a telephonic hearing on the Petition for March 27, 2026.  (*See* Calendar Notice (Dkt. No. 4).)

Petitioner, a citizen of Uzbekistan, entered the United States on or near March 12, 2023.

(Pet. at 1 ("Pet. II"), *Sharifzoda v. Orange Cnty. Jail* (S.D.N.Y. Mar. 26, 2026) (No. 26-CV-

2508).)[1]  Petitioner has two children who are United States citizens and depend on him for

support, and Petitioner has "established deep . . . ties" in his community.  (Pet. II ¶ 20.)  The

Petition represents that "during a random enforcement operation by the DHS, Petitioner was

taken back into custody" on February 6, 2026, and "placed in mandatory detention under 8

U.S.C. § 1225(b)(2)(A)."  (Pet. II ¶¶ 21–22.)  At the hearing, however, Respondents noted—and

Petitioner did not contest—that Petitioner had been arrested for a January domestic violence-

---

[1] Petitioner filed two habeas petitions that are identical in most respects, except that the
second-filed petition includes a section detailing his background.  (*See* Pet. II ¶¶ 17–23.)  The
Court anticipates the second petition will be assigned to this Court in short order.

related assault in Kings County, New York, and that Petitioner was placed back into detention at a previously scheduled check-in that took place shortly after his arrest.  Respondents further represented that immigration authorities were aware of Petitioner's assault charge before placing him in immigration detention.  The status of Petitioner's prosecution is uncertain.

At the hearing, Respondents invoked 8 U.S.C. § 1225(b)(2)(A) as a basis for detaining Petitioner.  Petitioner contends his detention is more aptly governed by 8 U.S.C. § 1226(a).  The distinction is meaningful as detention under the former is, with few exceptions not present here, mandatory, while detention under the latter is discretionary and, in fact, provides immigrants the right to a hearing in front of an immigration judge to determine if release is appropriate.  *See Tumba Huamani v. Francis*, No. 25-CV-8110, 2025 WL 3079014, at *2 (S.D.N.Y. Nov. 4, 2025).  Indeed, at the hearing earlier today, the Government confirmed that it was relying on the position that § 1225(b)(2)(A) governs this case.

The Court has reviewed the relevant cases from district courts nationwide, which have overwhelmingly held that 8 U.S.C. § 1226(a) governs cases such as this, where the noncitizen has been present in the United States for a long period of time.  *See Cardenas v. Almodovar*, No. 25-CV-9169, 2025 WL 3215573, at *1–2 (S.D.N.Y. Nov. 18, 2025) (collecting cases and noting that there are "scores of decisions" on "the §1226(a) side of the split"); *see also Tumba,* 2025 WL 3079014, at *2 (S.D.N.Y. Nov. 5, 2025) (collecting cases); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483–485 (S.D.N.Y. 2025) (collecting cases).  Other courts have reached this conclusion based on, among things, the overall statutory scheme and the plain language of the two statutes at issue.  *See Cardenas*, 2025 WL 3215573, at *2; *Tumba*, 2025 WL 3079014, at *2–5.  The Court sees no need to add any further analysis to the broad consensus among courts

2

in the Second Circuit and across the country.  Thus, as noted in these (and many, many other decisions), detention pending removal under § 1226(a) is discretionary, and noncitizens detained under the statute are afforded an initial determination as to eligibility for release and the opportunity for a bond hearing upon detention.  8 C.F.R. § 1236.1(d)(1).  Here, Petitioner was afforded neither of these guarantees in violation of § 1226(a).[2]

Additionally, the Court finds that Petitioner's detention without a bond hearing constitutes a Due Process violation.  The Due Process Clause of the Fifth Amendment prevents the Government from depriving any person—including non-citizens, "whether their presence here is lawful, unlawful, temporary, or permanent," *Zadvydas v. Davis*, 553 U.S. 678, 693 (2001)—of "life, liberty, or property without due process of law."  U.S. Const. amend. V.  "Freedom from imprisonment— from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas*, 533 U.S. at 690.  It mandates that a person not be detained unless he has been given notice of the case against him and an opportunity to be heard on its merits.  *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976).  Here, Respondents have violated this fundamental mandate, as Petitioner has been detained without notice or an opportunity to be heard.

---

[2] The Court notes that the Fifth and Eighth Circuits recently reached the opposite conclusions, over dissents.  *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (holding undocumented immigrants who had long been in the United States were nevertheless "seeking admission" and so subject to mandatory detention); *Avila v. Bondi*, _ F.4th _, 2026 WL 819258, at *6 (8th Cir. Mar. 25, 2026) (same).  These "out-of-circuit cases, [which] of course, are not controlling," *Doe v. Hagenbeck*, 870 F.3d 36, 60 (2d Cir. 2017) (Chin, J., dissenting), are against the overwhelming weight of authority in this Circuit, as Respondents conceded at the hearing.

Respondents contended at the hearing, however, that immediate release prior to a bond hearing would not be an appropriate remedy here, considering the charges against Petitioner in Kings County that shortly preceded his immigration detention.  Rather, Respondents propose that the appropriate remedy is to "direct the government to provide [Petitioner] with a bond hearing before an immigration judge within a certain timeframe, at which ICE bears the burden of demonstrating by clear and convincing evidence that [Petitioner] presents a danger to the community or a flight risk, and at which the immigration judge considers alternatives to detention."  (Letter from Respondents to Court (dated Mar. 27, 2026) 1 (Dkt. No. 6).) "[P]etitioner does not object to the government's proposal."  (Letter from Pet'r to Court (dated Mar. 27, 2026) 1 (Dkt. No. 7).)

The Court agrees that "a bond hearing is the appropriate remedy under these circumstances" rather than immediate release prior to a hearing.  *Gomez-Ramirez v. Noem*, No. 26-CV-1860, 2026 WL 734945, at *2 (S.D.N.Y. Mar. 16, 2026) (ordering a bond hearing rather than immediate release where petitioner had, inter alia, "a long arrest record," where he was unlawfully detained without bond under § 1225); *see also Li v. Noem*, No. 26-CV-00989, 2026 WL 366849, at *1–2 (S.D.N.Y. Feb. 10, 2026) (ordering a bond hearing rather than immediate release "given the criminal arrest preceding Petitioner's ICE detention"); *Jimenez v. Joyce*, No. 26-CV-429, 2026 WL 251889, at *1 (S.D.N.Y. Jan. 30, 2026) ("Consistent with the treatment of individuals arrested and held for detention based on the exercise of officers' judgment under § 1226(a), the proper remedy is an individualized hearing before an Immigration Judge, who can promptly address Jimenez's personal circumstances and any appropriate bond conditions that are proposed.").  Because here, "the Government may have exercised some discretion in detaining

4

Petitioner," *Guachambala v. Lyons*, No. 26-CV-1835, 2026 WL 686154, at *2 (S.D.N.Y. Mar. 10, 2026), this case presents distinct circumstances, as "detention pending adjudication of removal under [§] 1226 is discretionary," *Cardenas*, 2025 WL 3215573, at *1; *see also Gomez-Ramirez*, 2026 WL 734945, at *1 ("Gomez-Ramirez was not subject to mandatory detention under § 1225(b), and instead may be subject to detention only as a matter of discretion under § 1226(a)." (citation and quotation marks omitted)).  Cases where immediate release was ordered lack indicia of that discretion.  *See, e.g.*, *Lopez Benitez*, 795 F. Supp. 3d at 494 (ordering immediate release of petitioner where, although "§ 1226(a) requires some exercise of discretion when determining whether or not to detain a noncitizen in the first instance," respondents had shown "nothing to suggest that DHS exercised any discretion at all in detaining" petitioner).

Accordingly, the Petition for the writ of habeas corpus is GRANTED in part. Respondents are ORDERED to provide Petitioner with an individualized bond hearing before an Immigration Judge, to be scheduled no later than April 3, 2026, subject to Petitioner's counsel's availability.  If no bond hearing is held within that time, and Petitioner has not consented to an extension, then Petitioner shall be released immediately.  Respondents shall certify compliance with this Order.

SO ORDERED.

DATED:       March 27, 2026
             White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

5